IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANASTASIO CORDERO,                    )
                                      )
                    Plaintiff,        )
                                      )
    v.                                )    No.   06 C 2938
                                      )
CENTRAL DUPAGE HOSPITAL,              )
                                      )
                    Defendant.        )

### MEMORANDUM ORDER

Central DuPage Hospital ("Hospital") has filed its Answer
and Affirmative Defenses ("ADs") to the employment discrimination
and unlawful termination action brought against it by its ex-
employee Anastasio Cordero.  Because that filing flouts several
fundamental principles of federal pleading, this memorandum order
is issued sua sponte to require Hospital's counsel to return to
the drawing board.

To begin with, a host of Hospital's responses (Answer ¶¶4,
5, 8-10, 13, 14, 40 and 41) fail to follow the plain roadmap
marked out by the second sentence of Fed. R. Civ. P. ("Rule")
8(b) for a defendant to get the benefit of a deemed denial of a
plaintiff's allegations—see App. ¶1 to State Farm Mut. Auto.
Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001).  And as
if to compound that impropriety, all except Answer ¶40 follow the
representation that Hospital "is without knowledge or information
sufficient to admit or deny the allegations" with an oxymoronic
"and therefore denies these allegations"—something that can

scarcely be done in good faith if the lack of the requisite knowledge or information actually exists. Accordingly, all of the cited paragraphs of the Answer are stricken, but with leave granted to plead over in proper form (assuming of course that a proper disclaimer can be advanced under the objective requirements imposed by Rule 11(b)).

Next, Hospital's counsel impermissibly violates the directive of the first sentence of Rule 8(b) by asserting that certain Complaint allegations "contain[ ] legal conclusions to which no response is required" (Answer ¶¶43, 45-48, 58, 59 and 69). In that respect, see App. ¶2 to State Farm. And this time those assertions that no response is required are followed by a nonsequitur--the statement that "accordingly" the allegations in question are denied. Here too each of the cited paragraphs is stricken, once again with leave granted to file appropriate responses instead.

Finally, Hospital's counsel appends a laundry list of purported ADs (15 in number!) that appear to reflect a computer-driven lack of analysis rather than adherence to the principles that underlie Rule 8(c) and its implementing caselaw--see also App. ¶5 to State Farm. Because a new pleading is required in all events, it is expected that the replacement work product will conform to those requirements and, in so doing, serve the purposes of the notice pleading regime that applies in the

2

federal courts.[1]

Because so much of the responsive pleading requires reworking, the Answer and ADs are stricken in their entirety, so that a self-contained replacement pleading is required to be filed on or before July 15, 2006. No charge is to be made to Hospital by its counsel for the added work and expense incurred in correcting counsel's errors. Hospital's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

Milton I. Shadur
Senior United States District Judge

Date: June 22, 2006

---

[1] It is really not this Court's responsibility to provide chapter and verse in that respect, where a modicum of thought and analysis by the pleader should do the job.

3